Date signed July 09, 2008



# IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MARYLAND

### at GREENBELT

| | | | |
|---|---|---|---|
| In Re: | * | | |
| USProtect Corporation, | * | Case No. | 08-13637-TJC |
| | * | Chapter | 7 |
| Debtor | * | | |
| ************************************ | * | | |
| Janet M. Nesse, Trustee, | * | | |
| | * | | |
| | * | Adv. No. | 08-00240-TJC |
| Plaintiff, | * | | |
| vs. | * | | |
| United States of America, | * | | |
| | * | | |
| | * | | |
| Defendant. | * | | |

### MEMORANDUM

Before the Court is the Government's Motion to Dismiss the Interim Trustee's Complaint for Declaratory Judgment (the "Motion to Dismiss"), filed by the Defendant, the United States of America (the "USA"). Plaintiff Janet M. Nesse, the Chapter 7 Trustee, (the "Trustee"), has filed

an opposition and the USA has filed a reply.  The Court held a hearing on July 8, 2008.  The USA seeks an order dismissing the Trustee's Complaint for Declaratory Judgment (the "Complaint"), asserting that this Court lacks jurisdiction to hear and resolve the Complaint and the Complaint fails to state a claim upon which relief can be granted.  For the reason set forth herein, the Court will dismiss the Complaint without prejudice.

I.        BACKGROUND

The bankruptcy case of US Protect Corporation (the "Debtor") was filed as an involuntary case under Chapter 7 of the Bankruptcy Code on March 16, 2008.  On March 19, 2008, this Court entered the Order Granting Emergency Motion for an Order Directing Appointment of Interim Trustee Under Section 303(g) of the Bankruptcy Code (Docket No. 12 in Case No. 08-13637), thereby appointing Janet Nesse as the Interim Trustee.  The Court entered the order for relief on April 9, 2008.

In the Complaint, the Trustee alleges that on March 18, 2008, the USA filed a Verified Complaint for Forfeiture (the "Forfeiture Complaint") seeking the forfeiture of the following property: (1) Wachovia bank account no. xxxxxxxxxxx0732 (the "Bank Account"); (2) a twenty-foot Water Craft Pleasure Vessel with hull no. DUH20115F505 (the "Boat"); (3) real property known as 2152 Canna Way, Naples, Florida 334105 (the "Canna Way Property"); and (4) real property known as 5699 Sago Court, Naples, Florida 34119 (the "Sago Court Property").  The Trustee filed the Forfeiture Complaint as an exhibit to the Complaint.  The Forfeiture Complaint alleges that the Bank Account is titled in the name of the Debtor while the Boat, the Canna Way Property and the Sago Court Property are titled in the name of Lisa and Richard Hudec.  The Complaint alleges that the court clerk issued an *in rem* warrant on March 20, 2008, which resulted in the Bank Account being seized.

II.     DISCUSSION

A.  Jurisdiction

The USA contends that this Court lacks subject matter jurisdiction to hear and resolve the Complaint because the Court lacks jurisdiction to resolve the Forfeiture Complaint and because the Forfeiture Complaint is not a core proceeding under 28 U.S.C. 157.  This Court disagrees that it lacks jurisdiction to hear and resolve the Complaint.

In the Complaint, the Trustee seeks a determination that, because the Forfeiture Complaint seeks to seize funds that belong to the bankruptcy estate, the automatic stay applies to the Forfeiture Complaint.  The Complaint also seeks a determination that the exception to the automatic stay set forth in §362(b)(4) does not apply to the Forfeiture Complaint. Thus the Complaint simply seeks to establish whether the automatic stay applies to the Forfeiture Complaint.

This Court derives its jurisdiction from the District Court.  See 28 U.S.C. §157.[1]  As pertinent here, the District Court's jurisdiction is based on 28 U.S.C. §1334(a) or (b).  Section 1334(a) provides that "[e]xcept as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11."  11 U.S.C. §1334(a). The Complaint for a determination that the automatic stay applies to the Forfeiture Complaint is not a "case under title 11."  Therefore, Section 1334(a) does not apply.

Section 1334(b) provides that District Courts shall have ". . . original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to a case under

---

[1] The United States District Court for the District of Maryland has adopted a standing order of reference that refers "all cases under Title 11 of the United States Code and proceedings arising under Title 11 or arising in or related to cases under Title 11" to the bankruptcy court  in its Local Rule 402. The parties have informed the Court that the USA has filed a motion to withdraw the reference for this adversary proceeding.  While that motion is pending, this Court continues to administer the bankruptcy case -- the pending motion to withdraw the reference does not prevent this Court from ruling on the Motion to Dismiss.

title 11." 11 U.S.C. §1334(b). The Fourth Circuit Court of Appeals recently addressed the scope of "arising in" and "related to" jurisdiction in Section 1334(b). Valley Historic Ltd. P'ship v. Bank of N.Y., 486 F.3d 831 (4th Cir. 2007). A proceeding "arising in" Title 11 is "one that is not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of bankruptcy." Valley Historic at 835 (citations omitted). A civil proceeding is "related to" Title 11 if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Id. at 836 (citations omitted).

The Court need not consider whether the Complaint "arises in" or "relates to" Title 11, because it clearly "arises under" Title 11. A civil proceeding is one "arising under" Title 11 if it is "a cause of action created by the Bankruptcy Code, without existence outside the context of bankruptcy, and otherwise unknown to the law." In re Menk, 241 B.R. 896, 904 (B.A.P. 9th Cir. 1999). The phrase "arising under Title 11" means that Title 11 creates the cause of action. Menk at 909, see also Eastport Assocs. V. City of Los Angeles (In re Eastport Assocs.), 935 F.2d 1071, 1076 (9th Cir. 1991).

An action to determine if the automatic stay applies to another action is an action "arising under" Title 11. The Complaint seeks to determine whether a specific bankruptcy code provision, §362(a), applies to the Forfeiture Complaint, and whether another specific bankruptcy code provision, §362(b)(4), does not apply. The automatic stay is created by the Bankruptcy Code, and is "without existence outside of the context of bankruptcy." Menk at 904.

The USA alleges that this Court does not have jurisdiction to resolve the Forfeiture Complaint. But whether or not this Court has jurisdiction to resolve the Forfeiture Complaint is beside the point; the Complaint merely requests a determination that the automatic stay applies and the §362(b)(4) exception does not.

The USA also contends that the Forfeiture Complaint is not a core proceeding under 28 U.S.C. §157.  This again misses the point for two reasons: First, as stated above, the Complaint does not request that this Court hear or resolve the Forfeiture Complaint.  Second, the distinction between core and non-core is not the pertinent question presented here.  The core or noncore distinction is determinative of whether the Bankruptcy Court can issue final orders (in the case of core matters), or merely proposed finding and conclusions (in the case of noncore matters).  See 28 U.S.C. §157(b)(1) and §157(c).  It is not necessarily determinative of whether the Court has jurisdiction under §1334.

Accordingly, because the Complaint arises under title 11, the Court has jurisdiction to resolve the Complaint.

    B.    The Rule 12(b)(6) Motion

The USA also contends that the Complaint fails to state a claim and should be dismissed under Fed. R Civ. P 21(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7012(b).  The USA contends that the Forfeiture Complaint is "an action or proceeding by a governmental unit's police or regulatory power…" and therefore is excepted from the automatic stay under Section 362(b)(4).

The Forfeiture Complaint states that the Bank Account was in the Debtor's name, while the Boat, the Canna Way Property and the Sago Court Property are in the name of Lisa and Richard Hudec.  In the Complaint, the Trustee focuses on the USA's seizure of the Bank Account.  See Complaint, at pp. 6, 7, 10, 11.  The Trustee seeks a ruling that the Forfeiture Complaint is subject to the automatic stay and is not excepted from the automatic stay under §362(b)(4) insofar as it pertains to the seizure of the Bank Account.

At the hearing on the Motion, the parties stipulated that the Forfeiture Complaint has been dismissed as to the Bank Account. Therefore the Complaint as framed is now moot. Accordingly, the Court will dismiss the Complaint without prejudice to the Trustee's right to re-file a complaint asserting a basis for claiming that the proceeds from the sale of the Canna Way Property[2] are property of the estate and that the Forfeiture Complaint, to the extent it applies to those sale proceeds, is subject to the automatic stay.[3]

### III.  CONCLUSION

For the foregoing reasons, the Court will enter an order dismissing the Complaint without prejudice.

cc:

Janet M. Nesse
1150 18th Street, N.W.
Washington, DC 20036

USProtect Corporation
801 Roeder Road
Suite 1000
Silver Spring, MD 20910

Richard Kay
36 South Charles Street

---

[2] The Parties also stipulated that the Forfeiture Complaint is being dismissed as to the Boat and the Sago Court Property and that the Canna Way Property has been sold, but the proceeds are the subject of the Forfeiture Complaint. Accordingly, as stated by the parties at the hearing, the sole remaining asset as to which the Forfeiture Complaint will continue is the proceeds from the sale of the Canna Way Property.

[3] In so ruling, the Court notes that a substantial body of case law has developed on whether the exception to the automatic stay in Section 362(b)(4) applies to forfeiture actions. See e.g., United States v. Grooms, 1997 U.S. Dist. LEXIS 13991, at *9 (W.D. Va. 1997), aff'd United States v. Grooms, 2001 U.S. App. LEXIS 24606 (4th Cir. 2001)(Court held that the federal civil forfeiture action fell within §362(b)(4) under either the pecuniary interest test or the public policy test); In re James, 940 F.2d 46, 49 (3d Cir. 1991)(Court held that a New Jersey forfeiture statute fell within §362(b)(4) because the action was not to collect monetary debts "but to advance public policy in the area of law enforcement."); United States v. Klein (In re Chapman), 264 B.R. 565, 569-70 (BAP 9th Cir. 2001)(Court held that the forfeiture of real property met both the pecuniary interest test and the public policy test). Accordingly, this ruling is without prejudice to the USA's right to reassert its claim that the exception of Section 362(b)(4) does not apply.

Fourth Floor
Baltimore, MD 21201